UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RETH KEM, <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, SAMUEL OLSON, and BRIAN ENGLISH, <br><br> Respondents. | CAUSE NO. 3:25-CV-997 DRL-SJF |

ORDER TO SHOW CAUSE

Immigration detainee, Reth Kem, by counsel, filed a petition under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Mr. Kem alleges that he is a native and citizen of Cambodia who initially entered the United States on August 11, 1983, as a refugee at the age of 13. He became a permanent resident of the United States, but he was later ordered removed by an immigration judge in 1998.

Mr. Kem served a criminal sentence, then was detained by United States Immigration and Customs Enforcement (ICE) to carry out the removal. But he was released in 2001 because ICE was unable to secure travel documents. Mr. Kem had communicated with the Cambodian government, requesting travel documents, but the government responded that it was not authorized to issue travel documents. Mr. Kem was placed on supervision and has been checking in with ICE Enforcement and Removal Operations (ERO) annually for more than twenty years with no compliance issues.

On October 17, 2025, Mr. Kem attended his annual check-in at the Dallas, Texas ICE Field Office. He was detained and transferred to Miami Correctional Facility, in Indiana, where he remains detained. Mr. Kem has not been provided any information regarding the circumstances of a removal to Cambodia, nor has a third country for removal been identified. ICE ERO has not given a reason for the revocation of Mr. Kem's supervision. His first detention following the removal order exceeded 180 days, and his current detention has been going on for 48 days as of the filing of his petition. Mr. Kem says his removal will not likely occur in the reasonably foreseeable future, so his current detention violates his due process rights and proves unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). He asks the court to order his immediate release.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of the petitioner's detention, though not to review orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, review seems limited to the issue whether Mr. Kem's current detention is unlawful because there is no significant likelihood of his removal in the reasonably foreseeable future.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Director of the Chicago ICE Field Office at the Office of the Principal Legal

Advisor; (d) the Secretary of Homeland Security at the Office of the General Counsel and (e) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) ORDERS the people listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(4) ORDERS respondents to file a brief status report by **December 8, 2025**, detailing (a) whether Reth Kem was located in the Northern District of Indiana at the time this case was filed; (b) Reth Kem's current location and proper respondent based on that location; and (c) whether there are plans to remove Reth Kem from the United States in the next twenty-one days and, if so, to where; and

(5) ORDERS respondents to file a response to the petition by **December 12, 2025**, with the reply due **December 19, 2025**.

SO ORDERED.

December 5, 2025                             *s/ Damon R. Leichty*
                                              Judge, United States District Court

3